IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WARREN BRUCE GIER,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR REVIEW OF DETENTION<br><br><br><br>Case No. 2:03-CR-1012 TS |

On May 6, 2004, Defendant was sentenced to 18 months in custody plus 36 months of supervised release. On September 10, 2007, Defendant was arrested and charged with a supervised release violation. On September 11, 2007, he appeared for a detention/probable cause hearing before the Magistrate Judge. At that hearing, Defendant waived the probable cause hearing and the Magistrate Judge found Defendant should be detained.

The Court considers Defendant's request for a review of the Magistrate Judge's Order detaining the defendant—technically "a motion for revocation or amendment of the

1

order" detaining him—under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[1]  The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate's findings or conclusions.[2]  In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[3]  Although an evidentiary hearing is not required, this Court's policy is to hold a hearing and allow the parties to present any information they choose in support of their positions on detention.

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in §3142.[4]  Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[5]

However, in certain cases, the presumption shifts: "A rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any

---

[1]"Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant."

[2]DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz,* 207 F.Supp.2d 1247, 1251 (D. Colo. 2002); *see also United States v. Cisneros,* 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[3]*Lutz,* 207 F.Supp. at 1251.

[4]18 U.S.C. § 3142.

[5]18 U.S.C. § 3142(b),(c), and (e).

other person and the community if such judicial officer finds" one of the situations set forth in subsection (f)(1) of § 3142.

The crime Defendant is now charged with is violation of supervised release. However, it appears that because there has been less than five years since Defendant's conviction for a felony that involved the "possession . . . of a firearm", § 3142(f)(1)(E), that the present case involves one of the situations under § 3142(f)(1). Therefore, under subsection (e)(1) and (3), the rebuttable presumption arises.

Subsection (g) to § 3142 sets forth factors the Court is to consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." Those factors include the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger posed by the person to the community upon release.

Based upon the proffers, the Court finds that Defendant has rebutted the presumption and there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community. The nature of the offense charged is violation of the conditions of supervised release. There was no information on the weight of the evidence. It appears that it relates to charges that may be filed in state court. Defendant has otherwise been successful on supervised release for two and half years. There is evidence, disputed by Defendant, regarding lack of employment. It appears that if Defendant were released to a halfway house under conditions to be set by probation he would not be a danger to the community. It is therefore

ORDERED that Defendant be DETAINED until a suitable place at a halfway house can be arranged. Upon arranging a placement in a halfway house, Defendant will be released pending the revocation hearing only upon such terms and conditions as will be set by probation.

DATED September 20, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge